In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-032 CV


____________________



ROBERT ALTON CASPER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 2


Jefferson County, Texas


Trial Cause No. 95270






OPINION


 This is an appeal from the forfeiture of an appearance bond. Upon being accused
of Class B misdemeanor theft, Robert Alton Casper was released on bail on a $500 cash
bond. He failed to appear for trial and capias issued. (1) The judgment nisi ordered the bond
to be forfeited. The trial court conducted a bond forfeiture hearing on November 15,
2002. The judgment signed on December 10, 2002, ordered that the State recover from
Casper $15.00 plus court costs. 

 Appellate jurisdiction in bail bond forfeiture cases is described by statute. "An
appeal may be taken by the defendant from every final judgment rendered upon a personal
bond, bail bond or bond taken for the prevention or suppression of offenses, where such
judgment is for twenty dollars or more, exclusive of costs, but not otherwise." Tex. Code
Crim. Proc. Ann. art. 44.42 (Vernon 1979). Here, the judgment exclusive of costs was
for less than twenty dollars. Therefore, we lack jurisdiction over the appeal, and the
appeal must be dismissed.

 Casper attached a pauper's oath to his request for a free record of his November 15,
2002, criminal trial. No contest was filed. The Rules of Appellate Procedure permit the
appellate court to order a party to pay costs to the extent of the party's ability if a party
who proceeded without having to pay costs is later able to pay some or all of the costs. 
Tex. R. App. P. 20.1(l). We find that the costs of appeal may be satisfied out of the
proceeds on file in the registry of the trial court. Therefore, we order the appellant to pay
costs to the extent of any proceeds from the cash bond that are on deposit in the registry
of the trial court.

 APPEAL DISMISSED.

 PER CURIAM

Submitted on January 26, 2004

Opinion Delivered February 5, 2004

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The officer's return recites that Casper was arrested on August 17, 2002.